## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### COURT FILE NO.: _____

| | |
|---|---|
| Danielle Downing, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>Enhanced Recovery Company, LLC,<br><br>Defendant. | **CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.  Plaintiff's Class Action Complaint is based on Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## JURISDICTION

2.  Jurisdiction of this Court arises under 28 U.S.C. § 1331, 28 U.S.C. § 1332, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct at issue occurred in this District, Plaintiff resides in this District, and Defendant transacts business in this District.

## PARTIES

4.  Plaintiff, Danielle Downing (hereinafter "Plaintiff"), is a natural person who resides in the City of Chanhassen, County of Carver, State of Minnesota and is obligated or allegedly obligated on a debt.

1

5.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.    Defendant, Enhanced Recovery Company, LLC (hereinafter "Defendant ERC"), is a debt collection agency and foreign limited liability company incorporated under the laws of the State of Delaware, is licensed to do business in the State of Minnesota and regularly conducts business in said State. Defendant ERC has a principal place of business located at 8014 Bayberry Road, Jacksonville, Florida 32256.

7.    Defendant ERC is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) because it uses instrumentalities of interstate commerce and the mails for the principal purpose of collecting debts.

## FACTUAL ALLEGATIONS

8.    At some point prior to December 12, 2016, Plaintiff allegedly incurred a consumer debt, as that term is defined at 15 U.S.C. § 1692a(5), with non-party Comcast Cable Communications, LLC (hereinafter "Comcast").

9.    At some point prior to December 12, 2016, Comcast sold or otherwise transferred the debt to Defendant ERC.

10.    In a letter dated December 12, 2016, Defendant ERC contacted Plaintiff by U.S. Mail.

11.    Defendant ERC's December 12, 2016 letter informed Plaintiff that she owed $568.78 on account number XXXXXXXXXXXX0917, reference number 166746293.

12.    Pursuant to 15 U.S.C. § 1692g, a debtor has thirty (30) days from receipt of a notice of debts to dispute his or her debt with the creditor or to request the name and address of the original creditor.

13.    On December 19, 2016, Plaintiff sent a dispute letter to Defendant ERC via certified U.S. Mail disputing the alleged debt with Comcast and requesting verification of the same.

14.    Plaintiff's December 19, 2016 dispute letter requested that Defendant ERC provide and prove all of the following as part of the dispute and request for validation:

   a.  You have purchased or were assigned the debt and provide the full chain of assignment;
   b.  The amount you paid for the debt;
   c.  The full accounting of the transaction history; every charge, every interest charge or other charges and fees for the entire life of the alleged debt;
   d.  That the debt is not time barred;
   e.  Original contract between myself and the original creditor with my signature and their signature, all pages, both sides, or a certified copy;
   f.  Contract between myself and Enhanced Recovery Company, with my signature and an authorized signature from an employee of Enhanced Recover Company, all pages, both sides, or a certified copy.

15.    Defendant ERC failed to respond to Plaintiff's dispute letter in any manner and failed to provide the requested information including verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, as required by 15 U.S.C. § 1692g(b).

16.    On March 22, 2017, Plaintiff viewed a tri-merge of her three credit reports and discovered that all three were reporting the ERC account as undisputed.

17.  On May 9, 2017, Plaintiff sent an additional letter to Defendant ERC stating "You have failed to provide me with all of the validation information I have demanded. Until you have provided me with the demanded validation information providing any information to the credit bureaus that is placed in my credit file is a violation of the law, which is supported by case law."

18.  On May 24, 2017, Plaintiff viewed her Equifax and Experian credit reports and discovered both were reporting the Enhanced Recovery Company account, account number XXXXX6293. Equifax reported the account as "unpaid", while Experian reported the account as "in dispute." Both accounts were updated in April 2017, four months after Plaintiff demanded validation of the debt from Defendant ERC.

19.  On June 12, 2017, Plaintiff viewed her TransUnion credit report and discovered that it was not reporting the ERC account.

20.  Despite two demands from Plaintiff to either validate the debt or cease collection activity, Defendant ERC has done neither as of the date of this filing.

21.  Moreover, Defendant ERC is in receipt of Plaintiff's dispute, as it ceased reporting its account to TransUnion, and marked its account with Experian as "in dispute."

22.  Continuing to report to credit reporting agencies is an act of continued debt collection.

23.  Defendant ERC violated 15 U.S.C. § 1692g(b), when it failed to respond to Plaintiff's dispute letter seeking verification of the alleged debt yet continued collection activity by furnishing information regarding the alleged but disputed

4

debt to Equifax and Experian, national credit reporting agencies. *See Edeh v. Midland Credit Mgmt., Inc.*, 748 F.Supp.2d 1030, 1035-36 (D. Minn. 2010) *aff'd* 413 F.App'x 925 (8th Cir. 2011); *see also Purnell v. Arrow Fin. Servs., LLC*, 303 F.App'x 297, 394 (6th Cir. 2008); *Quale v. Unifund CCR Partners*, 682 F.Supp.2d 1274, 1278 (S.D. Ala. 2009); *Moscona v. California Bus. Bureau, Inc.*, 2011 WL 5085522, at *2 (S.D. Cal. Oct. 25, 2011).

24.    Defendant ERC violated 15 U.S.C. § 1692e(8) when it failed to inform Equifax that Plaintiff disputed the alleged debt with ERC, constituting the communication of credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. *See Semper v. JBC Legal Grp.*, 2005 WL 2172377, at *3 (W.D. Wash. Sept. 6, 2005).

25.    Defendant ERC violated 15 U.S.C. § 1692f, when it used unfair and unconscionable means to collect or attempt to collect on an alleged debt.

26.    Defendant ERC's actions caused Plaintiff to suffer stress, worsening depression, and feelings of worthlessness, and Defendant ERC's collection campaign has had a negative impact on Plaintiff's job.

## CLASS ACTION ALLEGATIONS

27.    Plaintiff brings this action individually and as a class action.

28.    Pursuant to Federal Rule of Civil Procedure 23(a-b), Plaintiff seeks to certify a class.

29.    The Class Plaintiff seeks to certify is defined as:

*All consumers residing in Minnesota who, within one (1) year of the filing of this Class Action Complaint, received an initial collection letter from Defendant ERC, then subsequently disputed the debt pursuant to 15 U.S.C. 1692g(b) with Defendant ERC, to whom Defendant ERC then failed to send documentation verifying the disputed alleged debts, and thereafter had their alleged debts reported to the national credit reporting agencies.*

30. The Class shall be subject to the following exclusions, who are not members of the Class, eligibility according to the above criteria notwithstanding:

*All (1) Counsel for Plaintiff and the Class, (2) Counsel for Defendant ERC, and (3) the assigned Judge, Magistrate Judge, and their clerks and staff.*

31. The Class meets all factors in Rule 23(a-b) for class certification.

### *Rule 23(a) Requirements*

### *Numerosity*

32. Defendant ERC is a privately held, national consumer debt collection agency.

33. Defendant ERC pursues consumers nationwide for settlement of such alleged debt obligations.

34. Upon information and belief, Defendant ERC attempted to collect alleged debts from numerous consumers who originally had outstanding alleged debt obligations with Comcast.

35. Upon information and belief, many of the outstanding accounts for which Defendant ERC sought to collect were disputed by consumers seeking verification of the alleged accounts, Defendant ERC failed to provide consumers with such verification, yet still reported the alleged outstanding accounts to the national credit reporting agencies, thereby continuing collection efforts without providing verification or validation pursuant to 15 U.S.C. § 1692g(b).

6

36.   Based on the fact that the collection letter at issue is a mass-mailed form letter, it is plausible that Defendant ERC attempted to collect on and reported alleged outstanding debt accounts that were disputed by consumers to the national credit reporting agencies on such a large number of consumers such that joinder of all in this lawsuit would be impracticable.

37.   Therefore, upon information and belief, the estimated number of Class members is in excess of 50.

### *Commonality*

38.   All members of the Class had their rights violated in the same manner by the same actions of Defendant ERC.

39.   Common evidence, in particular (1) a list of all alleged consumer debtor accounts contained in the portfolio that was sold, transferred, and/or assigned to Defendant ERC; (2) records in the possession of Defendant ERC documenting those consumers who disputed such alleged outstanding accounts; (3) records in the possession of Defendant ERC documenting those consumers who disputed such alleged outstanding accounts, to whom verification of such accounts was never sent, yet had such accounts reported to the national credit reporting agencies; and (4) the collection letters sent by Defendant ERC in an attempt to collect on the alleged outstanding consumer accounts contained in the aforementioned portfolio, will drive resolution of the claims of the Class.

40.   Statutory relief is directed based upon the common conduct of Defendant ERC, i.e. the extent to which Defendant ERC sent collection letters to consumers,

received letters disputing the alleged outstanding accounts, failed to verify such disputed accounts, yet reported such accounts to the national credit reporting agencies, and not the subjective, individual experiences of members of the Class.

### *Typicality*

41.    Plaintiff has the same claims to statutory relief as all other members of the Class and such claims are all based on the same facts and legal theories.

42.    The only individual issue is the identification of the consumers who received collection letters, (i.e. the Class members), sent dispute letters to Defendant ERC, to whom Defendant ERC failed to send verification of such accounts, and thereafter had such accounts reported to the national credit reporting agencies, which is a matter capable of ministerial determination from Defendant ERC's records.

43.    Any defenses that Defendant ERC may have to liability or quantum of damages with respect to Plaintiff's claims would be generally applicable to all members of the Class.

### *Adequacy*

44.    Plaintiff brings this lawsuit after an extensive investigation of Defendant ERC's alleged misconduct.

45.    Plaintiff brings this lawsuit with the intention to stop Defendant ERC's unlawful practices and recover statutory penalties for all consumers affected.

46.    Plaintiff will continue to vigorously pursue relief for the Class.

47.    Plaintiff will fairly and adequately represent the Class members' interests.

48.  Plaintiff's interests are consistent with the interests of the Class.

49.  Plaintiff's counsel, the Consumer Justice Center, P.A., has been certified as class counsel in dozens of class actions enforcing consumer rights laws in this District and others.

50.  Plaintiff's counsel are committed to expending the time, energy, and resources necessary to successfully prosecute this action on behalf of the Class.

*Rule 23(b)(3)*

*Predominance/Superiority*

*Predominance*

51.  Statutory relief follows from evidence that Defendant ERC failed to provide verification of disputed alleged debts yet reported such disputed alleged debts to the national credit reporting agencies, not the subjective experience of any one complainant.

52.  Common issues will predominate substantially over individual issues in the ultimate resolution of this action for the Class.

*Superiority*

53.  Plaintiff and Plaintiff's counsel are not aware of any other pending actions against Defendant ERC related to their unlawful collection conduct.

54.  Members of the Class have little interest in individual control over this action given the small amounts at stake compared to the cost, risk, delay, and uncertainty of recovery after prosecuting this lawsuit.

55.     Upon information and belief, few members of the Class are aware that Defendant
        ERC's actions were unlawful.

56.     The class notice mechanism provides an opportunity for uninformed members of
        the Class to learn about their rights and obtain relief where they otherwise would
        not have.

## STANDING

57.     The above-detailed conduct by Defendant violates numerous and multiple
        provisions of the FDCPA, including but not limited to the provisions of the
        FDCPA identified above.

58.     Plaintiff has suffered an injury in fact that is traceable to Defendant ERC's
        conduct and that is likely to be redressed by a favorable decision in this matter.

59.     Plaintiff has suffered actual damages as a result of Defendant ERC's illegal
        collection communications in the form of stress, worsening depression, feelings of
        worthlessness, and Defendant ERC's collection campaign has had a negative
        impact on Plaintiff's job.

60.     Defendant ERC's violations of FDCPA provisions denied Plaintiff access to
        truthful information, which is a concrete form of informational injury under
        Article III, and the denial of that information is on its own sufficiently concrete.

61.     Defendant ERC's violations of FDCPA provisions illustrate the risk of tangible
        harm from debt-collector misrepresentations, which is an increased risk of harm
        that itself supports standing here.

62.   Defendant ERC's actions constitute an injury that is personal to Plaintiff, and is not a non-justiciable generalized grievance.

## TRIAL BY JURY

63.   Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSE OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT –

## 15 U.S.C. § 1692 *et. seq.*

64.   Plaintiff incorporates by reference all of the above paragraphs of this Class Action Complaint as though fully stated herein.

65.   The foregoing acts and omissions of Defendant ERC constitute numerous and multiple violations of the FDCPA as outlined above.

66.   Defendant ERC failed to respond to Plaintiff's dispute seeking verification of the alleged debt with Comcast yet continued collection activity by furnishing information regarding the disputed alleged debt to Equifax, Experian, and TransUnion, national credit reporting agencies, in violation of 15 U.S.C. § 1692g(b).

67.   Defendant ERC communicated to Equifax credit information which was known or should have been known to be false, including the failure to communicate that a disputed debt was disputed, in violation of 15 U.S.C. § 1692e(8).

68.  Defendant ERC used unfair and unconscionable means to collect or attempt to collect a debt when it attempted collection of an amount from Plaintiff, in violation of 15 U.S.C. § 1692f.

69.  As a result of Defendant ERC's violations of the FDCPA, Plaintiff is entitled to actual damages and statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant ERC.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

70.  That judgment be entered against Defendant ERC for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

71.  That judgment be entered against Defendant ERC for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

72.  That the Court award costs and reasonable attorney's fees from Defendant ERC, pursuant to 15 U.S.C. § 1692k(a)(3);

73.  That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class; and

74.  That the Court grants such other and further relief as may be just and proper.

Dated this 28th day of November,
2017.

Respectfully submitted,

By: s/Mark L. Vavreck

Mark L. Vavreck, Esq.
**LAW OFFICES OF GONKO & VAVRECK**
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:   (612) 659-9220

Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:   (651) 704-0907
Email: tommy@consumerjusticecenter.com

*ATTORNEYS FOR PLAINTIFF*

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA      )
                               ) ss
COUNTY OF Carver      )

     I, Danielle E. Downing, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s) named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

s/
Danielle E. Downing

Subscribed and sworn to before me
this \oth day of November, 2017.

s/
Notary Public

HUMAIRA IMRAN
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2020

14